# EXHIBIT 1

Electronically Filed by Superior Court of California, County of Orange, 06/26/2024 03:36:57 PM.
30-2024-01409146-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By A. Burton, Deputy Clerk.

Carolin K. Shining, Esq. (SBN 201140)
Brian D. Park, Esq. (SBN 248994)
**SHINING & PARK LAW LLP**
475 Washington Blvd., 2nd Floor
Marina del Rey, CA 90292
Telephone: (310) 490-4383
cshining@shiningandpark.com
bpark@shiningandpark.com

Assigned for All Purposes
Judge Gassia Apkarian

*Attorneys for Plaintiffs,*

**THE STATE OF CALIFORNIA
ORANGE COUNTY SUPERIOR COURT**

| | |
|---|---|
| CAROL GOURLAY, *an individual;* | Case No.: 30-2024-01409146-CU-WT-CJC |
| | **COMPLAINT** |
| Plaintiff, | |
| vs. | 1) SEX DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERN, ENT CODE SECTION 12900 ET SEQ. |
| LTF CLUB MANAGEMENT COMPANY, LLC, *an unknown business entity;* LIFE TIME FITNESS, INC. dba LIFE TIME, *an unknown business entity* and DOES 1 through 25, inclusive, | 2) AGE DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERN, ENT CODE SECTION 12900 ET SEQ. |
| Defendants. | 3) RETALIATION IN VIOLATION OF GOVERNMENT CODE §12940(F) |
| | 4) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |
| | 5) FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF CAL. GOVT. CODE §12965(B) |
| | 6) VIOLATIONS OF CALIFORNIA CONSUMER LAW |
| | **DEMAND FOR JURY TRIAL** |
| | Complaint Filed: |

SHINING & PARK LAW
475 WASHINGTON BOULEVARD
MARINA DEL REY, CA 90292

COMES NOW PLAINTIFF Carol Gourlay, ("Gourlay" or "Plaintiff") and alleges as follows:

## FACTUAL ALLEGATIONS

1. In 2013, LTF Club Management ("Defendant" or "LFT") hired 68-year old Plaintiff Carol Gourlay, (Gourlay" or "Plaintiff") as a Group Instructor and Coach, Studio Manager and Cycle Instructor ("Coach"). and DOES 1-10.

2. Defendant LTF Club Management ("LTF"), is a Delaware company with offices located at 18007 Von Karman Ave., Irvine CA 92612. LTF also operate under the dba "Life Time Lakeshore-Irvine".

3. Defendant LIFE TIME FITNESS, INC. is an unknown business entity and dba LIFE TIME (Life Time).

4. Throughout her employment until immediately prior to her constructive termination, GOURLAY successfully performed her job duties and received positive performance evaluations. GOURLAY's employment performance was considered by her peers to be exemplary, and she had the highest-class participation at the clubs where she was a coach and instructor.

5. During periods of her work as a coach and instructor, Plaintiff's job duties were less than 50% management or general business operations related. When acting in this capacity, Plaintiff did not supervise other workers, and did not have the authority to hire, fire and/or discipline other workers.

6. GOURLAY is a 68-year-old female who has been in the fitness industry for 37 years and employed by Defendants for over 10 years. GOURLAY started working with Defendants by successfully opening their Laguna Niguel club in 2013 in her position as Studio Leader.

7. On or about March through October 14, 2023, GOURLAY applied for and transferred to the Lakeshore-Irvine club as Studio Leader/Small Group Training and again was successfully able to open it the beginning of this year.

SHINING & PARK LAW
475 WASHINGTON BOULEVARD
MARINA DEL REY, CA 90292

8.    On information and belief, once opened, the Lakeshore-Irvine club was not obtaining the number of members originally anticipated for that area. Lifetime started taking cost-cutting measures that clearly discriminated against female and older employees.

- On or about July 31, 2023, the female Kid's Leader, Erica Funk, was fired.

- On or about August 15, 2023, the female General Manager, Sonja Mains, was constructively fired after experiencing harassment and a toxic work environment, and was replaced by a male.

- On or about, September 15, 2023, GOURLAY was forced to remove her female assistant Amy Nestor (Age 50), from her position, without any documentary support. Prior to her termination, her assistant's performance for Lifetime was outstanding.

- Other female employees complained of similar issues, but were rebuffed and on information and belief retaliated for these complaints and ultimately terminated or forced to leave.

9.    After Amy Nestor was removed, LTF managers turned their sights directly on Gourley.

10.    The harassment began with a series of emails in late August. As an example, on or about August 28, Gourlay was asked to report the 20 bottom performing classes when the reports only delineated the bottom 10 performing classes. Gourlay reported the information to Samtani and he snapped at her that this was not what he asked her to report. [The emails are attached as Exhibit A] In the August 29, 2023 [9:35 AM] email Samtani writes: "We need to improve to an ACS (Average Class Size) of 15 by 9/30/23, and from there-the bar will be no less than an ACS of 20 starting in November."

11.    On September 13, 2023, Samtani gave GOURLAY a Coaching Plan knowing that reaching these goals during the given time frame was impossible. She was to meet the goals of the plan by the end of October.

12.    The Coaching Plan was intentionally and maliciously designed so that it could not be accomplished in 6 weeks (if ever). It is logical to deduce that the number of class attendees for a certain club is a function of the demographics of the neighborhood and the number/type of

SHINING & PARK LAW
475 WASHINGTON BOULEVARD
MARINA DEL REY, CA 90292

classes. While having a popular instructor may add a few new class members, real growth is only going to be accomplished by a significant increase in the entire club's membership.

13. GOURLAY was not even given until mid-October to fulfill the unattainable goals. After two weeks, in violation of the Coaching Plan, the new male General Manager told her that it did not look like she was going to hit the goal. He asked her to resign or told her that she would be involuntarily removed from her position and demoted. GOURLAY was informed by another employee that "I'm telling you as a friend you should step down".

14. As a result of the harassment and the warnings of Defendants' employees, GOURLAY was constructively terminated.

15. In addition to being retaliated against due to the unattainable and impossible Coaching Plan, she was also verbally harassed and discriminated against due to her sex and age.

16. Defendant's General Manager made numerous ageism remarks in weekly leadership meetings heard by other employees. For example, on or about August 16, 2023, during a leadership meeting, he indicated that the average age of members was 30-35. While looking directly at GOURLAY, he asked whether her performers related to this demographic.

17. Defendants' regional group fitness leader, a male, not only did nothing to support GOURLAY, on or about August 23, 2023, he instead said to her: "you're so pretty, how old are you?" (subsequently this person took Gourlay's former position).

18. It is believed that the regional group fitness leader also was heard to have said that our client needs to retire.

19. Likewise, on information and belief, senior managers thereafter told other employees that they would only be hiring "hot, sexy" employees.

20. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 11 through 25, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by Defendants.

SHINING & PARK LAW
475 WASHINGTON BOULEVARD
MARINA DEL REY, CA 90292

21.    Plaintiff is informed and believes, and based on such information and belief alleges, that at all times herein mentioned, each of the Defendants named herein was acting as an agent, master, servant, employer, employee or partner of the remaining Defendants; was acting within the course and scope of said agency or employment relationship; and was acting within the course and scope of said agency or employment relationship; and was acting with the consent, permission, and authorization of each of the remaining defendants.  Plaintiff is also informed and believes that all actions of each defendant alleged in this complaint were ratified and approved by the officers or managing agents of every other defendant.

## JURISDICTION AND VENUE

22.    This Court has subject matter jurisdiction pursuant to Cal. Gov. Code § 12965(b) for claims arising under the California Fair Employment and Housing Act, Cal. Gov. Code § 12940 *et seq.* ("FEHA").

23.    Venue is proper in this Court as Defendant LFT Club Management is believed to resided in Orange County through the existence of offices and the location of the Club at issue.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

24.    On November 13, 2023, Plaintiff filed a complaint for sex and age discrimination under the provisions of FEHA with the Department of Fair Employment and Housing against Defendant, Plaintiff received a notice of case closure and right to sue notice on the same day, authorizing her to file a private lawsuit against Defendant in order to enforce her rights under FEHA to full and equal employment opportunities free from unlawful discrimination.  Plaintiff has exhausted all administrative remedies required by FEHA as a prerequisite to filing this action.

## FIRST CAUSE OF ACTION

**(For Sex Discrimination, Age Discrimination and Retaliation in Violation of California Government Code Section 12900 et seq. Against All Defendants and DOES 1 Through 25, Inclusive)**

25.    Plaintiff incorporates herein by reference Paragraphs 1 through 20 as though set forth full herein.

SHINING & PARK LAW
475 WASHINGTON BOULEVARD
MARINA DEL REY, CA 90292

26. Defendants were at all material times employers within the meaning of Government Code §12926(d) and, as such, were barred from discriminating or retaliating in employment decisions on the basis of sex as set forth in Government Code §12940.

27. Plaintiff was at all material times an employee covered by Government Code §12940 prohibiting discrimination or retaliation in employment on the basis of sex.

28. Defendants and each of them engaged in a pattern and practice of discriminating against Plaintiff on the basis of sex in violation of Government Code §12940 by engaging in a course of conduct that included physical intimidation and harassment to Plaintiff than for similarly situated younger and/or male employees. Plaintiff is informed and believes that this disparate and invidious treatment was motivated in part on the basis of her sex/gender.

29. Plaintiff filed a timely charge of sex discrimination, age discrimination and hostile work environment with the California Civil Rights Department and has received a right-to-sue letter. Thus, they have exhausted their administrative remedies.

30. As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking and performing substitute employment and in earnings, and other employment benefits they would have received had Defendants not taken such adverse employment action against them.

31. As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation, and emotional distress, all to their damage in an amount according to proof.

32. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff thus is entitled to recover damage from Defendants in an amount according to proof.

33. As a result of Defendants' discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney fees and costs of suit as provided by Government Code §12965(b).

///

///

SHINING & PARK LAW
475 WASHINGTON BOULEVARD
MARINA DEL REY, CA 90292

## SECOND CAUSE OF ACTION

### (For Retaliation in Violation of Government Code §12940(f)

### Against All Defendants and DOES 1-25, Inclusive)

34. Plaintiff herein incorporates by reference paragraphs 1-29 above, as if set forth full herein.

35. Defendants have retaliated against Plaintiff in violation of Government Code §12940(f), by engaging in a course of retaliatory conduct, including, among other things, the conduct set forth in paragraph 13-20 above. When Plaintiff complained about sex age discrimination and the harassment, Plaintiff was further targeted for termination of their employment. This retaliation continued until Plaintiff's employment termination.

36. By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or thoroughly investigate, prevent, or remedy the harassment, retaliation and discrimination. The acts of discrimination, retaliation and harassment described herein were sufficiently pervasive so as to alter the conditions of Plaintiff's employment and created an abusive working environment. Plaintiff's sex/gender was a substantial factor motivating and/or motivating reasons for Defendants' conduct.

37. Plaintiff filed timely charges and complaints of harassment, retaliation and discrimination based on sex with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code section 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

38. By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code section 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

SHINING & PARK LAW
475 WASHINGTON BOULEVARD
MARINA DEL REY, CA 90292

39.    As a direct and legal result of the acts and omissions of Defendants, and each of them Plaintiff was rendered sick, sore, lame, disabled and both internally and externally suffered, among other things, shock, discomfort, and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

40.    As a further direct and legal result of the acts and conduct of Defendants, as previously mentioned Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotion and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

41.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

42.    The aforementioned acts of Defendants, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 25, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 25, thereby justifying the awarding of punitive and exemplary damages in any amount to be determined at the time of trial.

43.    As a result of the discriminatory acts of Defendants, and each of them, as alleged herein Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided California Government Code§ 12965(b).

///

///

///

///

SHINING & PARK LAW
475 WASHINGTON BOULEVARD
MARINA DEL REY, CA 90292

## THIRD CAUSE OF ACTION

### (For Wrongful Termination in Violation of Public Policy

### Against All Defendants and DOES 1 through 25, Inclusive)

44.    Plaintiff incorporates herein by reference Paragraphs 1 through 39 as though set forth full herein.

45.    Plaintiff is female at all times herein alleged.

46.    The acts and conduct of Defendants, and each of them, as aforementioned, was in violation of California Government Code §12945 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination, and retaliation against persons, such as Plaintiff, on the basis of their gender. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an employee, and within the protected class covered by California Government Code § 12945, prohibiting harassment, discrimination, and retaliation in employment.

47.    By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or thoroughly investigate, prevent, or remedy the gender-based harassment, retaliation and discrimination and failed to prevent same. The acts of discrimination, retaliation and harassment described herein were sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment. Plaintiffs perceived and/or physical characteristics as a woman were substantial factors motivating and/or motivating reasons for Defendants' conduct.

48.    Plaintiff filed timely charges and complaints of gender-based harassment, retaliation and discrimination with the California Civil Rights Department and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code section 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

49.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code section 3333 including, but not limited to, loss of earnings and future earning capacity, medical

SHINING & PARK LAW
475 WASHINGTON BOULEVARD
MARINA DEL REY, CA 90292

and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

50.    As a direct and legal result of the acts and omissions of Defendants, and each of them Plaintiff was rendered sick, sore, lame, disabled and both internally and externally suffered, among other things, shock, discomfort, and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

51.    As a further direct and legal result of the acts and conduct of Defendants, as previously mentioned Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotion and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

52.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

53.    The aforementioned acts of Defendants, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 25, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 25, thereby justifying the awarding of punitive and exemplary damages in any amount to be determined at the time of trial.

54.    As a result of the discriminatory acts of Defendants, and each of them, as alleged herein Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided California Government Code§ 12965(b).

SHINING & PARK LAW
475 WASHINGTON BOULEVARD
MARINA DEL REY, CA 90292

SHINING & PARK LAW
475 WASHINGTON BOULEVARD
MARINA DEL REY, CA 90292

## FOURTH CAUSE OF ACTION

### (For Failure to Prevent Discrimination in Violation of
### Cal. Govt. Code §12940(k) Against All Defendants and DOES 1-25, Inclusive)

55.     Plaintiff refers to and herein incorporates each above paragraph inclusively.

56.     Defendants are employers in the state of California, as defined in the California Fair Employment and Housing Act ("FEHA").

57.     Defendants failed to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. Defendants do not have appropriate policies, procedures, practices, guidelines, rules, and/or trainings, commitment, or intention, regarding the prevention of discrimination, harassment, or retaliation in the workplace.

58.     In engaging in the foregoing conduct, Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of FEHA.

59.     As a direct and foreseeable result of the previously mentioned acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.

60.     As a result of the previously mentioned acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

61.     Plaintiff will seek and is entitled to recover attorney's fees and costs, including expert witness fees, pursuant to Gov. Code §12965(b) et seq.

## PRAYER

Wherefore, Plaintiff prays for judgment against each Defendant as follows and applicable to each Cause of Action as permitted by law:

1.     For all compensatory damages (including without limitation, direct, indirect, incidental, consequential, general, special, economic, and non-economic damages) in an amount according to proof at trial;

2.     For exemplary and punitive damages in an amount appropriate to punish Defendants and each of them and sufficient to deter them from engaging in

similar misconduct according to proof at trial;

3.    For costs of suit incurred herein.

4.    For prejudgment and post judgment interest;

5.    For attorney fees as allowed by the facts demonstrated and applicable law; and

6.    For such other and further relief as the court may deem just and proper.

7.    For an order enjoining the Defendants and each of them from engaging in the herein described unlawful employment practices which violate the FEHA;

8.    For reasonable attorneys' fees.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues, except for attorneys' fees and costs.

Date: _June 26__, 2024                    SHINING AND PARK LAW, LLP

_____
Carolin K. Shining, Esq.
Brian D. Park, Esq.
Attorneys for Plaintiff
Carol Gourlay

SHINING & PARK LAW
475 WASHINGTON BOULEVARD
MARINA DEL REY, CA 90292

PLAINTIFFS COMPLAINT FOR DAMAGES                    PAGE 12 OF 12

Electronically Filed by Superior Court of California, County of Orange, 07/01/2024 08:00:00 AM.
30-2024-01409146-CU-WT-CJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By A. Burton, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Carolin K. Shining (SBN 210140), Shining & Park Law, LLP<br>475 Washington Blvd., 2nd Floor, Marina del Rey, CA 90292<br><br>TELEPHONE NO.: 310-490-4383    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS: carolin@shiningandpark.com<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90010
BRANCH NAME: Central District

CASE NAME:
CAROL GOURLAY, individual v LTF CLUB MANAGEMENT CO., LLC, et al

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | 30-2024-01409146-CU-WT-CJC<br>JUDGE: Assigned for All Purposes<br>DEPT.: Judge Gassia Apkarian |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: Six
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 06/21/2024

Carolin K. Shining
_____    ▶ _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal Standards of Judicial Administration, std 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Electronically Filed by Superior Court of California, County of Orange, 06/26/2024 03:36:57 PM.
30-2024-01409146-CU-WT-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By A. Burton, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LTF CLUB MANAGEMENT COMPANY, LLC, an unknown business entity;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CAROL GOURLAY, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County Superior Court<br><br>700 W. Civil Center Drive, Santa Ana, CA 92703 | **CASE NUMBER:**<br>*(Número del Caso):* 30-2024-01409146-CU-WT-CJC<br>Assigned for All Purposes<br>Judge Gassia Apkarian |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Carolin Shining, 475 Washington Blvd., 2nd Floor, Marina del Rey, CA 90292, 310-490-4383

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 06/26/2024 DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* A. Burton *Athena Burton* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* LTF CLUB MANAGEMENT COMPANY, LLC, an unknown business entity

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* 415.95 (business organization, form unknown)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

SUM-200(A)

| SHORT TITLE:<br>Carol Gourlay v. LTF Club Management Company, LLC et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

LIFE TIME FITNESS, INC. dba LIFE TIME, an unknown business entity and DOES 1 through 25, inclusive,

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLAINTIFF: Carol Gourlay | |
| DEFENDANT: LTF Club Management Company, LLC, et.al. | **Jun 28, 2024** |
| Short Title: GOURLAY VS. LTF CLUB MANAGEMENT COMPANY, LLC, | Clerk of the Court<br>By: A. Burton, Deputy |

| NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>30-2024-01409146-CU-WT-CJC |
|---|---|

**Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>12/03/2024</u> at <u>09:30:00 AM</u> in Department <u>C24</u> of this court, located at <u>Central Justice Center</u>.**

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

<u>**IMPORTANT:**</u> Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

<u>**IMPORTANTE:**</u> Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

<u>**QUAN TRỌNG:**</u> Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court, By: *Athena Burton* , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

**Central Justice Center**
**700 W. Civic Center DRIVE**
**Santa Ana 92701**

---

**SHORT TITLE: GOURLAY VS. LTF CLUB MANAGEMENT COMPANY, LLC,**

---

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** <br> **30-2024-01409146-CU-WT-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 06/28/2024. Following standard court practice the mailing will occur at Sacramento, California on 07/01/2024.

Clerk of the Court, by: *Athena Burton* _____ , Deputy

SHINING & PARK LAW
475 WASHINGTON BOULEVARD # 2ND FLOOR
MARINA DEL REY, CA 90292

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:

- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO.: <br> NAME: <br> FIRM NAME: <br> STREET ADDRESS: <br> CITY:                              STATE:          ZIP CODE: <br> TELEPHONE NO.:                     FAX NO.: <br> E-MAIL ADDRESS: <br> ATTORNEY FOR (name): | FOR COURT USE ONLY <br><br> For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** <br> JUSTICE CENTER: <br> ☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045 <br> ☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512 <br> ☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595 <br> ☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 <br> ☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____      _____     _____
                        (SIGNATURE OF PLAINTIFF OR ATTORNEY)       (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____      _____     _____
                        (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

Approved for Optional Use                                   California Rules of Court, rule 3.221
L1270 (Rev. March 2019)